IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CR-00273-D-1

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **PRELIMINARY** |
| | : | **ORDER OF FORFEITURE** |
| KAVEN LEE STEPHENSON | : | |

WHEREAS, the above-named defendant has February 26, 2026 as to Counts One, Three and Four of the Superseding Criminal Indictment, charging the defendant with offenses in violation of 21 U.S.C. § 846 (Count One), 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three) and 18 U.S.C. § 924(c)(1)(A) (Count Four).;

AND WHEREAS, the government has filed a motion for entry of a Preliminary Order of Forfeiture, showing unto the Court: that each item of property constitutes, or is derived from, proceeds obtained, directly or indirectly, as a result of the offense(s) to which the defendant has been found guilty, and/or was used or intended to be used to commit or facilitate the commission of the drug offense(s) to which he/she has been found guilty, and is thereby subject to forfeiture pursuant to 21 U.S.C. § 853(a); that each firearm and ammunition was involved in or used in the offense(s) to which the defendant has been found guilty, or was in the defendant's possession or immediate control at the time of arrest, and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and/or 18 U.S.C. § 3665; and that the defendant individually, or in combination with one or more co-defendants, has or had an ownership, beneficial,

1

possessory, or other legal interest in and/or exercised dominion and control over each item of property that is subject to forfeiture herein;

NOW, THEREFORE, based upon the defendant's guilty plea along with the stipulations contained in the Memorandum of Plea Agreement, the points and authorities in the government's motion, and all of the evidence of record in this case, the Court FINDS as fact and CONCLUDES as a matter of law that there is a nexus between each item of property listed below and the offense(s) to which the defendant has pleaded guilty, and that the defendant (or any combination of defendants in this case) has or had an interest in the property to be forfeited,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      The following property is forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(b)(2) and 18 U.S.C. §§ 924(d) and/or 3665 and 21 U.S.C. 853(a):

Real Property:

a) Real property having the physical address of 400 and 420 Massengill Pond Road, Angier, NC, 27501, including any and all appurtenances and improvements thereto, being titled to Timothy Floyd Stephenson and legally described in deed book 1655, page 489 of the Johnston County Registry, North Carolina, more particularly described as follows:

BEGINNING at an iron stake located in the center of NCSR #1313, said point being a corner with D.W. Stephenson and also a corner of a 49.5 acres tract now or formerly owned by Carlie Wiggins; thence

2

runs along the centerline of NCSR #1313 the following courses and distances; North, 47 degrees 45 minutes 00 seconds West 198.93 feet; North 47 degrees 01 minutes 08 seconds West 200.65 feet; and North 46 degrees 24 minutes 15 seconds East 246.79 feet; South 88 degrees 46 minutes 10 seconds East 437.68 feet; North 00 degrees 37 minutes 50 seconds East 81.75 feet; North 81 degrees 04 minutes 50 seconds East 212.44 feet; North 08 degrees 10 minutes 10 seconds West 772.13 feet; and North 68 degrees 37 minutes 45 Seconds East 1,250.25 feet to a stake in the run of Black Creek; thence runs along the run of Black Creek the following courses and distance: South 29 degrees 18 minutes 00 seconds Ease 614.97 feet; South 66 degrees 32 minutes 129.50 feet to a point, a corner with Carlie Wiggins: thence runs as the Wiggins line the following courses and distances: South 69 degrees 32 minutes 18 seconds West 1,412.55 feet; thence North 82 degrees 49 minutes 49 seconds West 399.84 feet; and South 22 degrees 49 minutes 05 seconds West 722.43 feet to a point in the center of NCSR #1313, the point and place of BEGINNING, contained 42.18 acres, and being all of Lot Number 6 as shown on a plat entitles "Property of D.W. Stephenson and Clara Stephenson," prepared by Peacock Land Surveying, dated May 21 1991, (revised February 25, 1995).

3

Parcel Number: 13C04022M and 13C04023F

(Asset ID: 25-ATF-027558 and 25-ATF-027557)

<u>Personal Property:</u>

b) Approximately $2,354.00 in U.S. currency seized on October 11, 2023 from Kaven Lee Stephenson at 420 Massengill Pond RD, Angier, NC; (Asset ID: Not yet assigned)

c) Approximately $8,799.00 in U.S. currency seized on July 3, 2024 from Kaven Lee Stephenson at 420 Massengill Pond RD, Angier, NC; (Asset ID: Not yet assigned)

d) Approximately $1,465 in U.S. Currency seized on August 22, 2024, from Kaven Lee Stephenson at 400 Massengill Pond Road, Angier, North Carolina 27501; (Asset ID: Not yet assigned)

e) One Ruger AR15, bearing serial number 1850-15513, seized on October 11, 2023 from Kaven Lee Stephenson at 420 Massengill Pond RD, Angier, NC, and any and all associated ammunition; (Asset ID: 24-ATF-039047)

f) One Aero Precision M5 rifle, bearing serial number US117643, seized on October 11, 2023 from Kaven Lee Stephenson at 420 Massengill Pond RD, Angier, NC, and any and all associated ammunition; (Asset ID: 24-ATF-039048)

g) One Beretta Mod. U 22 handgun, bearing serial number 152010, seized on October 11, 2023, from Kaven Lee Stephenson at 420

4

Massengill Pond Road, Angier, North Carolina 27501, and any and all associated ammunition; (Asset ID: Not yet assigned)

h) One Emporer Cobra 12 Gauge Shotgun, bearing serial number 22DM1161, seized from Kaven Lee Stephenson at 420 Massengill Pond RD, Angier, NC, on October 11, 2023; (Asset ID: 24-ATF-039049)

i) One Taurus G2C 9mm pistol, bearing serial number AEC178725, seized from Kaven Lee Stephenson at 420 Massengill Pond RD, Angier, NC, on July 3, 2024; (Asset ID: 24-ATF-036963)

j) One Anderson AM-15 multi caliber rifle, bearing serial number 17042492, seized from Kaven Lee Stephenson at 420 Massengill Pond RD, Angier, NC on July 3, 2024; (Asset ID: 24-ATF-036961)

k) One Beretta APK A1 9mm pistol, bearing serial number AXC106108, seized Kaven Lee Stephenson at 420 Massengill Pond RD, Angier, NC on July 3, 2024; (Asset ID: 24-ATF-036962)

m) One Sears and Roebuck Rifle, bearing serial number 553902, seized on August 22, 2024, from Kaven Lee Stephenson at 400 Massengill Pond Road, Angier, North Carolina 27501, and any and all associated ammunition; (Asset ID: 24-ATF-036962)

General Forfeiture Order:

o) Any other property, not identified above, that constitutes, or is derived from, proceeds obtained, directly or indirectly, as a result of

5

the offense(s) of conviction in Count One (21 U.S.C. § 846) and Count Three (21 U.S.C. § 841(a)(1)), and/or was used or intended to be used to commit or facilitate the commission of such offense(s); and

p) Any other firearm and ammunition, not identified above, that was involved in or used in the offense(s) of conviction, or was in the defendant's possession or immediate control at the time of arrest.

2.     Pursuant to Fed. R. Crim. P. 32.2(b)(3), the U.S. Attorney General, Secretary of the Treasury, Secretary of Homeland Security, or a designee is authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third-party. **Any person who knowingly destroys, damages, wastes, disposes of, transfers, or otherwise takes any action with respect to the property, or attempts to do so, for the purpose of preventing or impairing the Government's lawful authority to take such property into its custody or control or to continue holding such property under its lawful custody and control, may be subject to criminal prosecution pursuant to 18 U.S.C. § 2232(a).**

3.     This Order shall also serve as a Writ of Entry and Inspection, authorizing the government or other personnel assisting the government to enter onto and into the premises of the above-described real property as necessary for purposes of conducting inspections, appraisals, and photographing or video-recording the property, to record and document the condition, value, and maintenance of the property until the forfeiture proceedings are concluded. Any occupants of the real

6

property shall be served with a copy of this Order of Forfeiture and provided with notice of the forfeiture. **This Order specifically places any occupants on notice that they shall maintain the premises in its present condition as long as their occupancy continues and shall not materially alter, cause any damage to, or remove any fixtures from the real property. Any violation of this Order could result in criminal and/or civil sanctions pursuant to 18 U.S.C. § 2232(a) and/or this Court's contempt powers.**

4.      Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B), the United States is authorized to conduct any discovery pursuant to the applicable Federal Rules of Civil Procedure needed to identify, locate, or dispose of the above-referenced property, or other substitute assets, including depositions, interrogatories, requests for production of documents and for admission, and the issuance of subpoenas.

5.      If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall provide notice of this Order and of its intent to dispose of the specified real and/or personal property listed above, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The United States shall then file a Notice with the Court documenting for the record: (1) proof of publication, or the government's reliance on an exception to the publication requirement found in Supplemental Rule G(4)(a)(i); and (2) the government's efforts to send direct notice to all known potential third-party claimants in accordance with Supplemental Rule G(4)(b)(iii), or a

7

representation that no other potential claimants are known to the government. This Order shall not take effect as the Court's Final Order of Forfeiture until an appropriate Notice has been filed and the time in which any third parties with notice of the forfeiture are permitted by law to file a petition has expired.

6. **Any person other than the above-named defendant, having or claiming any legal interest in the subject property must, within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court to adjudicate the validity of the asserted interest pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2). The petition must be signed by the petitioner under penalty of perjury and shall set forth: the nature and extent of the petitioner's right, title, or interest in the subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought. The petition may be hand-delivered to the Clerk at any federal courthouse within the Eastern District of North Carolina or mailed to the following address:**

> U.S. District Court Clerk
> Eastern District of North Carolina
> P.O. Box 25670
> Raleigh, NC 27611

7. If one or more timely petitions are received by the Court, the Court will enter a separate scheduling order governing the conduct of any forfeiture ancillary proceedings under Fed. R. Crim. P. 32.2(c). Following the Court's disposition of all

8

timely filed petitions, a Final Order of Forfeiture that amends this Order as necessary to account for any third-party rights shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6). The receipt of a petition as to one or more specific items of property shall not delay this Order of Forfeiture from becoming final, in accordance with the following paragraph, as to any remaining property to which no petition has been filed.

8.     If no third party files a timely petition, or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall dispose of the property according to law, including without limitation liquidation by sale or any other commercially feasible means, destruction, and/or retention or transfer of an asset for official use. The United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7). If any firearm or ammunition subject to this Order is in the physical custody of a state or local law enforcement agency at the time this Order is entered, the custodial agency is authorized to dispose of the forfeited property by destruction or incapacitation in accordance with its regulations, when no longer needed as evidence.

9.     Upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is DIRECTED to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P.

9

32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), with the defendant's consent, this Order shall be final as to the defendant upon entry.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e), when additional specific or substitute property is identified.

SO ORDERED, this the 12 day of _____ May _____, 2026.

_____
JAMES C. DEVER III
UNITED STATES DISTRICT JUDGE

10